(Mitchell v. Railway Co., 151 N. Y. 107, 45 N. E. 354, 34 L. R. A. 781); but in the case of wanton or intentional wrongs against the person the rule is different (Spade v. Railroad Co., 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512).

The trouble at the trial was that the complaint did not seem to allege and be based on an assault; and now after more critically reading it that seems to me the correct view. It is a recital of an alleged effort of the defendant by words of persuasion alone to induce the plaintiff to grant him the favor of sexual intercourse with her. Mere words cannot amount to an assault. Bac. Abr. "Assault and Battery." No physical menace against the body of the plaintiff is alleged. In all the cases cited for the plaintiff there was such a menace, or else an actual battery.

I do not understand that it is claimed that the complaint is for a battery, nor is it. It is true that it does in one place say, but only casually, as it seems to me, and without laying any stress on it, or calling it unlawful or wrongful, or a battery, or in any way indicating it as the cause of action, that the defendant "took hold of the plaintiff's arm as she was about to get on a car and said he wanted to see her"; to which is added "that plaintiff assuming defendant had further remarks to make to her concerning her mother's business affairs" (about which they had been conversing just previously) "stepped aside to speak to him"; and when the allegation of damage is reached we do not find the usual allegation of damages for any wrongful battery or physical injury, but only that by his acts and words the defendant caused "great shame, injury and suffering to the plaintiff." This seems to fairly exclude any idea of damages for a battery. The learned counsel for the plaintiff could not say anything more favorable of it on that head than that it is ambiguous. If the plaintiff wants to sue for an assault and battery, or for either, it would be easy to draw a complaint therefor. The defendant cannot be required to accept the interpretation of an obscure or ambiguous complaint which is unfavorable to him. The everyday rule is the other way. This so-called complaint bears no resemblance to a complaint for a wrongful battery. It is either a complaint for the words of illicit solicitation of the plaintiff, or else a mere unscientific rigmarole. Our Code of Practice intended to simplify our pleadings, it is true, but not to degrade them. Something is still due to precedent and order, and also (which is no small consideration and safeguard to the community) to a learned profession.

The motion for a new trial is denied.

---

(32 Misc. Rep. 669.)

### LAKE ST. EL. R. CO. v. LONG ISLAND R. CO.

(Supreme Court, Trial Term, Queens County. November, 1900.)

CARRIERS—LIEN FOR FREIGHT—GOODS SOLD CONDITOINALLY.

Where a vendor makes a conditional sale of locomotives, and delivers them to vendee, and authorizes him to ship them to their destination, which the vendee does, but fails to pay the freight, the authority to ship extends to the giving of credit for freight, and the carrier has a lien on such locomotives for such freight.

Action by the Lake Street Elevated Railroad Company against the Long Island Railroad Company. Judgment for defendant.

Action of replevin. The plaintiff made at Chicago, Ill., a conditional sale of six locomotive railroad engines to the Brooklyn & Brighton Beach Railroad Company. The agreement of conditional sale was in the form of a lease, and provided that the title was to remain in the lessor until the purchase price was fully paid in certain specified installments called rent, whereupon title was to pass to the lessee. Meanwhile the vendee was by the said agreement given the right to use the said locomotives on its railroad in Kings county, N. Y., and in default of payment was to return the same to the vendor at Chicago "in their present good order and condition, without deterioration in value from wear and tear." They were delivered at Chicago by the vendor to the vendee, which shipped them as freight to their said destination. They passed over several railroads as such freight, the defendant being the final connecting carrier. The freight not being paid it delivered five and held the other for the freight. The vendee failed to make the payments required by the agreement of sale, and the plaintiff demanded the locomotive of the defendant.

David Murray, for plaintiff.
William J. Kelly, for defendant.

GAYNOR, J. Section 111 of the lien law provides that conditional contracts of sale of railroad equipment and rolling stock shall be invalid as to "any subsequent judgment creditor of or purchaser from" the vendee for a valuable consideration and without notice, unless such contract be recorded as therein required, and unless "each locomotive or car so sold" has the name of the vendor marked on both sides thereof. The marking was done here, but the contract was not recorded until after the defendant had carried the locomotives and earned the freight. But this statute cannot be considered, as the defendant is not a judgment creditor or purchaser. It claims to hold possession for unpaid freight under its carrier's lien. The case must therefore be decided on common-law principles.

The vendor intended that the locomotives were to be transported to the place where they were to be used, the same as he intended that they were to be kept in repair, and delivered them for that purpose. If they had been repaired by a mechanic he would have had a lien on them which, it seems to me, would have been good against the vendor. I do not see why the defendant's lien as carrier is not good on the same principle. After authorizing the vendee to ship the engines, and use them, and have them repaired when necessary, the vendor is estopped from disputing the carrier's or the repairer's lien. To say that the giving of such authority did not contemplate or extend to the giving of credit for freight or repairs, but only to payments in advance, would be contrary to the universal course of business. The law presumes according to the usual order of things.

The case of Bassett v. Spofford, 45 N. Y. 387, which is cited to me

as decisive of this case seems to me obviously inapplicable. There the chattels were stolen, and the owner authorized nothing.

Judgment for the defendant.